IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GREGORY JOHNSON and PATRICIA MALONE, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) CIVIL ACTION NO 05-0380-P-L |
| GUSTAV WEEKE MASCHINENBAU GmbH; GLEASON REEL CORPORATION; REXEL ELECTRICAL SUPPLY COMPANY, INC., | ) ) ) ) ) ) |
| Defendants | ) |

## ORDER

This matter is before the court on the motion to dismiss filed by defendant Rexel Electrical Supply Company, Inc. (Doc. 4) which has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2 for the Southern District of Alabama, for a report and recommendation. Rexel moves this court to dismiss the case as to plaintiff Patricia Malone because she failed to sign the complaint as required by Rule 11 of the Alabama Rules of Civil Procedure and Rule 11(a) of the Federal Rules of Civil Procedure. Rexel argues that Gregory Johnson signed the complaint but he is not an attorney and can not sign in a representative capacity for Malone. Rule 11(a) sets forth as follows:

> Signature. Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party. Each paper shall state the signer's address and telephone number, if any. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit.

>An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.

Fed. R. Civ. P. Rule 11.  The last sentence of the Rule indicates that the unsigned complaint as to Malone "shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party." Id.

Accordingly, plaintiff **Patricia Malone** is **ORDERED** to sign and file a complaint on or before **July 20, 2005** if she wishes to continue this action.  Moreover, plaintiff Malone is warned that failure to comply with this order by the above stated date may be considered an abandonment of prosecution of this action by plaintiff Malone and may result in a recommendation that this case as to plaintiff Malone be dismissed pursuant to FED. R. CIV. P. 41(b).  See Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, Ballard v. Volunteers of America, 493 U.S. 1084, 110 S.Ct. 1145 (1990); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1983); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983).  Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir. 1993)(finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181 (1993).

**DONE** this the 29th day of June, 2005.

>/s / Kristi D. Lee
>**KRISTI D. LEE**
>**UNITED STATES MAGISTRATE JUDGE**