IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GREGORY JOHNSON and PATRICIA MALONE, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CIVIL ACTION NO 05-0380-P-L ) |
| GUSTAV WEEKE MASCHINENBAU GmbH; GLEASON REEL CORPORATION; REXEL ELECTRICAL SUPPLY COMPANY, INC., | ) ) ) ) ) ) |
| Defendants | ) |

## REPORT AND RECOMMENDATION

This matter is before the court on the motion to dismiss filed by defendant Southern Electric Supply Company, Inc., d/b/a Rexel Wholesale, (incorrectly identified in the complaint as Rexel Electrical Supply Company, Inc.) (hereinafter Rexel) (Doc. 4) which has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2 for the Southern District of Alabama, for a report and recommendation. Upon consideration, the undersigned recommends that defendant's motion to dismiss be **DENIED**.

Defendant Rexel moves this court to dismiss the case as to plaintiff Patricia Malone because she failed to sign the complaint as required by Rule 11 of the Alabama Rules of Civil Procedure and Rule 11(a) of the Federal Rules of Civil Procedure. Rexel argues that Gregory Johnson signed the complaint but he is not an attorney and can not sign in a representative capacity for Malone. Therefore, the complaint as to Malone was unsigned.

Pursuant to Fed. R. Civ. P. Rule 11, "[e]very pleading, written motion, and other paper shall be

signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party." Id.  The Rule further provides that "[a]n unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party." Id.  This court entered an order on June 30, 2005 wherein plaintiff Malone was ordered to file a signed complaint on or before July 20, 2005, if she wanted to proceed with litigation against the defendant. (Doc. 8). On July 18, 2005, plaintiff Malone filed a complaint which contains her signature. (Doc. 11).  The omission was called to the attention of Malone who promptly corrected the absence of her signature on the initial complaint by filing a signed complaint as ordered by this court.[1]

Accordingly, the undersigned recommends that the motion to dismiss (Doc. 4) filed by defendant Rexel be **DENIED**.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 21st day of July, 2005.

/s / Kristi D. Lee
**KRISTI D. LEE**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The undersigned acknowledges that Rule 11 also requires that "[e]ach paper shall state the signer's address and telephone number, if any" and that the signed complaint does not contain the address and telephone number of Johnson and Malone.  However, the record indicates that Johnson and Malone provided their address in their initial complaint.

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  FED. R. CIV. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

        **S / KRISTI D. LEE**
        **UNITED STATES MAGISTRATE JUDGE**