IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GREGORY JOHNSON and PATRICIA MALONE, ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | CIVIL ACTION NO. 05-0380-P-D |
| GUSTAV WEEKE MASCHINENBAU GmbH; GLEASON REEL CORPORATION; REXEL ELECTRICAL SUPPLY COMPANY, INC., ) ) ) ) ) | |
| Defendants. ) | |

ORDER ADOPTING THE REPORT
AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pending before this court is a Report and Recommendation of the Magistrate Judge made pursuant to 28 U.S.C. § 636(b)(1)(B), and dated July 21, 2005, in this tort action filed by plaintiffs Gregory Johnson and Patricia Malone against defendants Gustav Weeke Maschinenbau GmbH, Gleason Reel Corporation ("Gleason Reel"), and Rexel Electrical Supply Company, Inc., and removed from the Circuit Court of Baldwin County, Alabama, to this federal district court pursuant to 28 U.S.C. § 1332 (doc.12). The Magistrate Judge recommends that the Motion to Dismiss filed by defendant Southern Electric Supply Company, Inc., d/b/a Rexel Wholesale (incorrectly identified in the complaint as Rexel Electrical Supply Company, Inc.) ("Rexel") be denied.

After due and proper consideration of all portions of this file deemed relevant to the issues

raised, with no objection to the Report and Recommendation having been made, the Report and Recommendation of the Magistrate Judge is hereby ADOPTED as the opinion of this court.

Accordingly, it is ORDERED that Motion to Dismiss filed by Rexel (doc.4) be and is hereby DENIED.  This action will proceed.

This court notes that responsive pleadings, i.e., Answers, have been filed by defendants Gleason Reel (doc.2), and Rexel (doc.3).  On July 18, 2005, plaintiffs filed a "Complaint" correcting the insufficiency in their original action which was the subject of Rexel's Motion to Dismiss (doc.11).

On August 10, 2005, Gleason Reel and Rexel filed a Joint Motion For Extension of Time to File Rule 26(f) Report (doc.13).  Defendants requested an additional thirty days within which to hold their meeting.  Id.  On August 12, 2005, the Magistrate Judge granted the Motion affording the parties until September 12, 2005, to file their report of the parties planning meeting (doc.14).

This court notes, however, that the Rule 16(b) Scheduling Conference has not yet been set.  It is this court's long-standing policy and practice to delay the Rule 16(b) Scheduling Conference until all named parties have filed responsive pleadings.  To date, there has been no responsive pleading filed by named defendant Gustav Weeke Maschinenbau GmbH.  Moreover, there is no evidence of record that service of process upon defendant Gustav Weeke Maschinenbau GmbH, has been perfected, if executed, and a meeting between two of three-named defendants would be premature.

Therefore, it is further ORDERED that on or before September 9, 2005, plaintiffs are to file the return of service reflecting service of process upon defendant Gustav Weeke Maschinenbau GmbH, ***or*** show cause in writing for their failure to execute service of process upon defendant Gustav Weeke Maschinenbau GmbH.

For the reasons set forth herein, the September 12, 2005 deadline for the parties to meet and to file their report of the parties planning meeting is hereby rendered MOOT.

DONE this 25th day of August, 2005.

    S/Virgil Pittman
SENIOR UNITED STATES DISTRICT JUDGE